RECEIVED
SEP 25 2012
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| RUBY HENRY | CIVIL ACTION NO. 11-00033 |
| -VS- | JUDGE DRELL |
| WAL-MART STORES, INC. | MAGISTRATE JUDGE KIRK |

## RULING

Before this Court is the Motion for Summary Judgment filed by Wal-mart Stores, Inc. (Doc. 17). All responses have been filed, and the matter is ready for disposition. For the following reason, the motion will be DENIED.

### I.    Procedural Background

On December 9, 2010, Plaintiff filed a Petition in the 28th Judicial District Court, LaSalle Parish, Louisiana (Doc. 1-2). Defendant was served on December 16, 2010, and removed to this Court on January 12, 2011 (Doc. 1-1). The Petition alleges Defendant was negligent when it placed a carpet in the entryway of the Wal-Mart store in Jena, Louisiana and did not anchor the carpet down. When entering the store, Plaintiff tripped and fell because of the unsecured carpet. Plaintiff claims to have permanent damage to her left leg and hip. Plaintiff's husband also asserts losses of consortium, service, society, companionship, and comfort due to his wife's injuries.

II.   **Law and Analysis**

   A. **Legal Standard**

   *1. Motion for Summary Judgment*

A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Although Rule 56 was amended effective December 1, 2010, "the amended rule contains no substantive change to the standard." Seacor Holdings, Inc. v. Commonwealth Ins. Co., 635 F.3d 675, 680, n.8 (5th Cir. 2011). An issue as to a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). We consider all "evidence in the light most favorable to the party resisting the motion." Trevino v. Celanese Corp., 701 F.2d 397, 407 (5th Cir. 1983). It is important to note that the standard for a summary judgment is two-fold: (1) there is no genuine dispute as to any material fact, *and* (2) the movant is entitled to judgment as a matter of law.

   *2. La. R.S. 9:2800.6*

The merchant liability "slip and fall" statute governs Plaintiff's claims. Defendant meets the definition of a "merchant" under the statute,[1] therefore Defendant "owes a duty to persons who use [its] premises to exercise reasonable care to keep [its] aisles, passageways, and floors in a reasonably safe condition." La. R.S. 9:2800.6(A). In the negligence action against Defendant, Plaintiff has the burden of proving:

---

[1] La. R.S. 9:2800.6(C)(2) reads: "'Merchant' means one whose business is to sell goods, foods, wares, or merchandise at a fixed place of business." There is no dispute Defendant satisfies this requirement.

> (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
>
> (2) Defendant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
>
> (3) Defendant failed to exercise reasonable care.

Id. at (B). To combine La. R.S. 9:2800.6 with the summary judgment standard, if Defendant can show it is undisputed that Plaintiff cannot prove her case, then the burden shifts to Plaintiff to show such a dispute exists.

### B. Analysis of Defendant's Motion for Summary Judgment

There is a genuine dispute of material fact in this case requiring this Court to deny Defendant's motion. Ruby Henry's Deposition, taken on October 25, 2011, includes the following passage:

> Q. What happened there right after you fell?
> A. Okay. When I fell, Stacy and David and the little girl in the wheelchair come to me. Stacy looked at me and said, "Ms. Ruby, that was our fault. I saw you when you fell," he said with the rug being there.
> . . . .
> Q. Stacy said he saw when you fell?
> A. He said, "I saw you – I saw that happen, and it was our fault," is the words that he said.
> Q. Did he say why it was "our fault"?
> A. He didn't say.

(Doc. 17-5, 30:1-30:6, 30:13-30:17).

This Court notes Plaintiff's counsel had numerous opportunities and deadline extensions to depose Mr. Stacy Sharp. In this Division, the attorneys choose dates for the scheduling order through a conference and submission of their "Plan of Work." With this Court's approval, the parties amended the scheduling order twice and extended the

discovery deadline by two months. (Docs. 10, 12, 15). Despite this two month discovery extension, Plaintiff's counsel now requests "additional discovery." (Doc. 23).

Although Plaintiff's attorney was at least negligent in not deposing Mr. Sharp at this juncture, the Court will not penalize Plaintiff for her attorney's failure to conduct discovery by the agreed-upon deadline. In the interest of justice, the Court gives Defendant the option to take Mr. Stacy Sharp's deposition within twenty days of this ruling and order to negate Plaintiff's testimony if he can. Once Defendant has deposed Mr. Sharp, it may re-urge the motion if it wishes.

### C. Conclusion

For the reason detailed above, Defendant's Motion for Summary Judgment will be denied.

SIGNED on this 25 day of September, 2012 at Alexandria, Louisiana.

DEE D. DRELL
UNITED STATES DISTRICT JUDGE