RECEIVED
JAN 23 2013
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| RUBY HENRY, ET UX. | CIVIL ACTION NO. 11-00033 |
| -vs- | JUDGE DRELL |
| WAL-MART STORES, INC., ET AL. | MAGISTRATE JUDGE KIRK |

### RULING

Before the Court is the Motion for Summary Judgment of Defendants, Wal-Mart Stores, Inc. and Wal-Mart Louisiana, LLC, re-urged with a Supplemental Memorandum in Support of Motion for Summary Judgment. (Docs. 17; 33). All responses have been filed, and the matter is ready for disposition. For the following reasons, the motion will be GRANTED.

I.  **Background**

On January 2, 2010, Ruby Henry stumbled and fell over a carpet mat when she entered the Wal-Mart store located in Jena, Louisiana. (Docs. 1; 17-5). Mrs. Henry cracked a hip bone and underwent surgery and physical therapy to repair the injury. (Doc. 17-5). Mrs. Henry claims she still experiences pain in the left side of her hip, down her leg to her knee, as a result of the accident. (Doc. 17-5).

On December 7, 2010, Plaintiffs filed a Petition in the 28th Judicial District Court, LaSalle Parish, Louisiana. (Doc. 1-2). Defendants were served on December 16, 2010, and removed to this Court on January 12, 2011. (Doc. 1-1). The Petition alleges Defendants

were negligent when placing a carpet in the entry way of the Wal-Mart store without anchoring it down. (Doc. 1-2). Plaintiff's husband, George Henry, also asks for loss of consortium, service, society, companionship, and comfort because of his wife's injuries. (Doc. 1-2).

The Wal-Mart Defendants filed an initial Motion for Summary Judgment on January 27, 2012. (Doc. 17). We denied Defendants' motion at that juncture because of the lack of clarity in the record. This lack of clarity arose in part from testimony in Mrs. Henry's deposition assessing certain statements from Wal-Mart employee Stacy Sharp. (Doc. 28).[1] We gave the parties the option of deposing Mr. Sharp and allowed Defendants to re-urge the motion at their discretion following the deposition. (Doc. 28). The deposition was taken and aspects of it are urged now.

Mr. Sharp's deposition testimony does not support Mrs. Henry's version of the events when she stumbled and fell over the entry way carpet mat. (Doc. 33-1). Specifically, Mrs. Henry says her foot became "tangled up in that rug" and she tripped and fell. (Doc. 17-5). Mrs. Henry noticed the rug was not entirely flat after her fall, but never noticed the rug's condition before her fall. (Doc. 17-5). By contrast, according to Mr. Sharp, the entry way carpet mat was not "messed up" either before or after the accident. (Doc. 33-1). Mr. Sharp supports his contention with photographs and a video recording

---

[1] According to Mrs. Henry, Mr. Sharp said "I saw that happen, and it was our fault," immediately after she fell. (Doc. 17-5).

of the incident showing the rug was never rumpled, bunched, or otherwise moved from a flat position at or around the time of the accident. (Doc. 33-1).[2]

## II. Law and Analysis

In our previous ruling (Doc. 28), we set forth the relevant and applicable law. It is adopted here by reference.

There is no longer any genuine dispute of material fact in the present case because we determine there is no possibility a reasonable jury could return a verdict for the Plaintiffs. Plaintiffs cannot prove the carpet mat was itself or was in an unreasonably dangerous condition or that any Wal-Mart employee created or had actual or constructive knowledge of an unreasonably dangerous condition.

A carpet or door mat in the entranceway of a store "is by no means an anomalous situation or one that is inherently dangerous." Rhodes v. Whataburger Restaurants, LP, 2012 WL 1100671, at *4 (W.D. La. Apr. 2, 2012). Louisiana courts have previously determined that _failing_ to place mats in a public entranceway constitutes negligence when water or mud from outside could create an unreasonably dangerous condition. Bergeron v. Se. La. Univ., 610 So.2d 986, 988-89 (La. App. 1 Cir. 1992). It follows that _having_ a mat in place is not negligence nor actionable fault.

It is undisputed no one from Wal-Mart saw or knew the carpet was "rumpled" or "bunched" prior to Mrs. Henry's fall. (Docs. 17-5; 33-1). There is no evidence that any other person saw this either, and Mrs. Henry's testimony about the carpet's condition

---

[2] Defendants did not include the video recording in the record, but they did include photographs as an exhibit to the supplemental memorandum. These photographs show the entrance way carpet mat lying flat on the floor. (Doc. 33-1).

3

is merely an assumption and not an observation. There are no reports of any other customers stumbling or falling over the carpet mat at the entrance of the store. (Doc. 33-1). Even assuming what the Henrys claim is accurate, "[t]he mere fact that she tripped on a weather related floor covering in the defendant's store, standing alone, does not establish negligence on the part of [Wal-Mart]." Attaway v. Albertson's, Inc., No. 04-0668 (W.D. La. May 23, 2005).

Finally, Mrs. Henry has not provided any evidence to satisfy the temporal requirement of La. R.S. 9:2800.6. (Doc. 17-5).

### III. Conclusion

For the reasons detailed above, Defendant's Motion for Summary Judgment will be granted.

SIGNED on this 22nd day of January, 2013 at Alexandria, Louisiana.

DEE D. DRELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT